NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PROMOTE INNOVATION LLC,**
*Plaintiff-Appellant,*

v.

**ROCHE DIAGNOSTICS CORPORATION** AND
**ROCHE DIAGNOSTICS OPERATIONS, INC.,**
*Defendants-Appellees,*

AND

**UNITED STATES,**
*Defendant-Appellee.*

---

2011-1503

---

Appeal from the United States District Court for the Southern District of Indiana in case no. 10-CV-0964, Judge Tanya Walton Pratt.

---

## ON MOTION

---

Before RADER, *Chief Judge,* GAJARSA and REYNA, *Circuit Judges.*

REYNA, *Circuit Judge.*

## ORDER

Promote Innovation LLC moves to dismiss this appeal as moot and remand with instructions to vacate the decisions of the United States District Court for the Southern District of Indiana, including the court's order awarding Roche Diagnostics Corporation et al. (Roche) costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. Roche opposes insofar as Promote's motion requests vacatur of the costs award.

On September 16, 2011, the President signed into law the Leahy-Smith America Invents Act, H.R. 1249, 112th Cong. (1st Sess. 2011), amending 35 U.S.C. § 292 to eliminate the *qui tam* provision on which this action was predicated. This act included the following text regarding the effective date of this provision: "The amendments made by this subsection shall apply to all cases, without exception, that are pending on, or commenced on or after, the date of the enactment of this Act." Leahy-Smith America Invents Act, Pub. L. No. 112-29 § 16(b)(4), 125 Stat. 284, 329 (2011) ("the Act").

In light of the amendments to 35 U.S.C. § 292 and the parties' agreement on the effect of the Act under the facts and circumstances of this case, this appeal is dismissed as moot. Because the circumstance that rendered this case moot was the amendment of § 292(b) by Congress, over which the parties had no control, it is appropriate not only to dismiss the appeal but to vacate the district court's decision dismissing Promote's false marking complaint as well. 28 U.S.C. § 2106; *see Alvarez v. Smith*, 130 S.Ct. 576, 581 (2009) ("Applying this statute, we normally do vacate the lower court judgment in a moot case because doing so 'clears the path for future relitigation of the issues between the parties,' preserving 'the rights of all parties,' while prejudicing none 'by a decision which . . . was only preliminary.'" (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36, 40 (1950))); *Tafas v. Kappos*, 586 F.3d 1369, 1371 (Fed. Cir. 2009) ("Vacatur . . . is appro-

priate if the mootness arises from external causes over which the parties have no control" (*citing U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994))).

We deem it the better course for the district court to address whether the costs award survives the mooting of this case in light of the Act in the first instance.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted to the extent that the district court's decision dismissing the case is vacated as moot.

(2) The case is remanded with instructions to dismiss the decision dismissing Promote's complaint.

(3) This appeal is dismissed.

(4) Each side shall bear its own costs.          .

FOR THE COURT

MAR 1 5 2012
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk


cc:  Matthew J. Antonelli, Esq.
     Paul B. Hunt, Esq.
     Jeanne E. Davidson, Esq.

s19

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAR 1 5 2012

JAN HORBALY
CLERK